UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

AF HOLDINGS LLC,

        Plaintiff,                                Case No. 1:12-cv-01256

       v.                                     Judge: Honorable Janet T. Neff

MATTHEW BURNELL,

        Defendant,
_____/

JONATHAN W. TAPPAN (P72195)
Jonathan W. Tappan, PLLC
2549 Somerset Blvd. #102
Troy, MI 48084
Phone: (415) 325-5900
Email: blgibbs@wefightpiracy.com
_____/

**RESPONSE TO DEFENDANT'S PRE-MOTION CONFERENCE REQUEST**

    Plaintiff hereby states its intent to oppose Defendant's partial motion to dismiss. Defendant Matthew Burnell requested, through attorney Thomas Williams, a pre-motion conference. (ECF No. 10.) In his request, Defendant explained that he anticipates filing a motion to dismiss Plaintiff's civil conspiracy and negligence claims. (*Id.*) Plaintiff opposes this partial motion to dismiss because both Plaintiff's negligence and civil conspiracy claims are valid claims wholly supported by law.

    Defendant argues that "Courts have consistently dismissed [negligence and civil conspiracy] claims as untenable and failing to state a claim upon which relief can be granted." (*Id.* at 2.) As an initial matter, courts have held that identical negligence claims could withstand a motion to dismiss. *See, e.g., AF Holdings LLC v. John Doe*, No. 12-1519 (S.D. Cal. July 12, 2012), ECF No. 4 at 6 ("Accordingly, Plaintiff's negligence cause of action could withstand a

1

motion to dismiss."); *Liberty Media Holdings, LLC v. Felix Latimore, et al.*, No. 11-cv-00040 (S.D. Cal. July 11, 2011), ECF No. 9 (recommending the granting of a motion for default judgment against a Defendant accused of negligence).

Further, cases that have dismissed negligence claims as preempted did so because the negligence claims merely re-characterized direct infringement claims against a particular party. Plaintiff is not alleging that here; instead Plaintiff is alleging that Defendant's negligence led to the infringement by someone else. (ECF No. 1 ¶ 60) ("In the alternative, Defendant was negligent and/or reckless in allowing a third-party to commit the allegations of infringement, contributory infringement, and civil conspiracy described above through his Internet connection.").

Finally, Plaintiff's civil conspiracy claim is valid as this claim can be properly pled with any other valid state or federal claim, when two or more individuals work in agreement to commit an illegal act.

Plaintiff has pled sufficiently, pursuant to *Mediacom Southeast v. BellSouth Telecommunications,* 672 F.3d 396, No. 10-6117 (6th Cir., March 2, 2012), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to withstand Defendant's proposed partial motion to dismiss. Accordingly, the Court should deny Defendant's partial motion to dismiss.

[intentionally left blank]

                                                Respectfully submitted,

                                                AF Holdings LLC,

DATED: January 2, 2013

                                 By:    /s/ Jonathan W. Tappan
                                           JONATHAN W. TAPPAN (P72195)
                                           Jonathan W. Tappan, PLLC
                                           2549 Somerset Blvd. #102
                                           Troy, MI 48084
                                           Phone: (415) 325-5900
                                           Email: blgibbs@wefightpiracy.com
                                           *Attorney for Plaintiff*