UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

AF HOLDINGS LLC,

    Plaintiff,

v.

MATTHEW BURNELL,

    Defendant,

_____/

Case No. 1:12-cv-01256

Judge: Honorable Gordon J. Quist

| | |
|---|---|
| JONATHAN W. TAPPAN (P72195) | G. THOMAS WILLIAMS (P 53734) |
| Jonathan W. Tappan, PLLC | McGarry Bair PC |
| 2549 Somerset Blvd. #102 | 32 Market Ave SW, Suite 500 |
| Troy, MI 48084 | Grand Rapids, Michigan 49503 |
| Phone: (415) 325-5900 | Phone: (616) 742-3500 |
| Email: blgibbs@wefightpiracy.com | Email: gtw@mcgarrybair.com |

_____/

**RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDING**

    Defendant Matthew Burnell ("Defendant") has filed a Motion to Stay Proceedings with a supporting memorandum. (ECF Nos. 18, 19.) Plaintiff AF Holdings LLC ("Defendant"), by and through its undersigned counsel, hereby files the instant Response to Defendant's Motion.

    Defendant essentially argues that the proceedings in the instant action should be stayed pending resolution of litigation in a different case, in a different judicial district, and involving different parties. (ECF No. 19 at 1-2) (citing *Ingenuity 13 LLC v. John Doe*, No. 2:12-CV-08333 (C.D. Cal. 2012). Defendant provides no authority to support his position. (*See generally* ECF No. 19.) Indeed, Defendant provides no case law or any other legal authority in his pleading whatsoever. (*See generally id.*) Defendant focuses on pro-piracy websites and blogs with tactless names such as "fightcopyrighttrolls.com" and "dietrolldie.com" (*Id.* at 1.) The information obtained on such obviously biased websites cannot serve as a basis to stay actual litigation.

To obtain a stay of the proceedings, the moving party "must make out a clear case of hardship or inequity in being required to go forward . . . ." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Lockyer v. Mirant Corp.*, 398 F. 3d 1098, 1109 (9th Cir. 2005). Defendant did not attempt to argue he would face a hardship or inequity by proceeding forward in this case. (*See generally* ECF No. 19.) The words "hardship" or "inequity" do not even appear anywhere in Defendant's pleading. (*See generally id.*) Instead, Defendant points out a couple of issues raised in a different, unrelated case. (*Id.*) Defendant does not provide any reason why this Court could not be presented with these same issues and rule on them, if Defendant were to actually raise them himself. (*See generally id.*) Defendant's attempts to wait for different court to resolve meritless accusations in a completely unrelated action should be denied. *Landis*, 299 U.S. at 254 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.") Because Defendant has failed to make out a clear case of hardship or inequity in being required to go forward in this case, his motion should be denied.

Further, Defendant's arguments, even if true, would not prevent this case from proceeding forward. Defendant argues that "[a] primary issue is the identity of Alan Cooper, who is purportedly an officer of AF Holdings and Ingenuity 13, and has executed copyright assignments, which form the basis upon which Plaintiff files its cases. Invalid copyright assignments mean that Plaintiff has no standing in the California case, and in this case." (ECF No. 19 at 2.) The assertion that the copyright assignment that forms the basis of this suit is potentially invalid is incorrect. Copyright law only requires a valid signature from the assignor for the assignment agreement to be valid. *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("the law requires only that the assignment be

2

signed by the assignor and not the assignee."); *see also Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990). As such, the assignment from Heartbreaker Digital to AF Holdings (*See* ECF No. 1-2) is valid, regardless of any purported issues raised regarding Alan Cooper's identity. *See* 17 U.S.C. § 204(a). ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and *signed by the owner of the rights conveyed* or such owner's duly authorized agent.") (emphasis added). Raymond Rogers' signature on behalf of Heartbreaker, transferring ownership of the copyright to AF Holdings, grants AF Holdings valid, enforceable rights in the underlying copyright. ECF No. 1-2.) As the Eastern District of Michigan noted in *Vance v. Latimer*:

> Section 204's writing requirement is not unduly burdensome; it necessitates neither protracted negotiations nor substantial expense. The rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do.

648 F. Supp. 2d 914, 924 (E.D. Michigan 2009) (Internal citations omitted).

Finally, Defendant references pending litigation initiated by Alan Cooper. (ECF No. 19 at 2) ("Additionally, Mr. Pietz notes that Alan Cooper has now filed a civil suit alleging misappropriation of his identity.") If the filing of a lawsuit, itself, were sufficient to assert the allegations contained within as true, then Plaintiff herein would already have received its $150,000 statutory judgment for copyright infringement against Defendant. The Court should not stay the pending litigation based on non-proven allegations.

## CONCLUSION

The Court should deny Defendant's Motion to Stay Proceeding. Defendant has failed to make out a clear case of hardship or inequity in being required to go forward in this case. If

Defendant has legitimate concerns about this case, he should raise them before this Court. His request for other litigants to litigate these issues cannot serve as a basis to stay the proceedings.

                                            Respectfully submitted,

                                            AF Holdings LLC,

DATED: March 7, 2013

                                By:    /s/ Jonathan W. Tappan
                                                JONATHAN W. TAPPAN (P72195)
                                                Jonathan W. Tappan, PLLC
                                                2549 Somerset Blvd. #102
                                                Troy, MI 48084
                                                Phone: (415) 325-5900
                                                Email: blgibbs@wefightpiracy.com
                                                *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on March 7, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                 /s/ Jonathan W. Tappan
                                 JONATHAN W. TAPPAN